**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

MURAT GOCMEN, :
: Civil Action No. 06-4275 (JAG)
    Plaintiff, :
:
    v. : **OPINION**
:
KINNELON POLICE DEPARTMENT, :
et al., :
:
    Defendants. :

**APPEARANCES:**

    Murat Gocmen, Plaintiff <u>pro</u> <u>se</u>
    # 21585
    Morris County Correctional Facility
    43 John Street
    Morristown, NJ 07960

**GREENAWAY, JR.**, District Judge

    Plaintiff Murat Gocmen, currently confined at the Morris County Correctional Facility, Morristown, New Jersey, seeks to bring this action <u>in</u> <u>forma</u> <u>pauperis</u>, pursuant to 42 U.S.C. § 1983, alleging violations of his constitutional rights. Based on his affidavit of indigence and the absence of three qualifying dismissals within 28 U.S.C. § 1915(g), this Court will grant Plaintiff's application to proceed <u>in</u> <u>forma</u> <u>pauperis</u>, pursuant to 28 U.S.C. § 1915(a), and order the Clerk of the Court to file the complaint.

    At this time, this Court must review the complaint, pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A, to determine whether it

should be dismissed as frivolous or malicious, for failure to state a claim upon which relief may be granted, or because it seeks monetary relief from a defendant who is immune from such relief.  For the reasons set forth below, this Court concludes that the complaint should be dismissed without prejudice.

## BACKGROUND

     The following facts are taken from Plaintiff's complaint and are presumed true for purposes of this review.

Plaintiff is currently a federal detainee housed in a county facility.  He seeks to sue the Kinnelon Police Department, and two detectives employed by that police department for "discrimination, def[amation] of character, racism, bias, prejudice."  Plaintiff attaches to his complaint a lengthy account of his activities.  Plaintiff describes an incident where the defendant police detectives detained and questioned him in the presence of his attorney regarding the use of stolen credit cards.  He also describes an incident where he traveled with an acquaintance to North Carolina to buy cigarettes to resell them in New Jersey.  Apparently, he was arrested in North Carolina in connection with this incident and spent seven days in jail.

Although he names the Kinnelon detectives as defendants, Plaintiff states that he is currently incarcerated after turning himself in to federal authorities.  The charges for which Plaintiff is being detained are unclear.

Although Plaintiff does not specify which acts he believes violated his constitutional rights, he describes an incident where the defendant detectives asked him questions about terrorism and religion while transporting him, and also states that the officers threatened him and his wife that he would go to prison.[1]

Plaintiff asks that the officers be charged and punished, and that he be awarded monetary relief.

## DISCUSSION

**A.   Standard of Review**

The Prison Litigation Reform Act ("PLRA"), Pub. L. No. 104-134, §§ 801-810, 110 Stat. 1321-66 to 1321-77 (April 26, 1996), requires a district court to review a complaint in a civil action in which a prisoner is proceeding in forma pauperis or seeks redress against a governmental employee or entity.  The Court is required to identify cognizable claims and to sua sponte dismiss any claim that is frivolous, malicious, fails to state a claim

---

[1] Plaintiff states that the defendant officers asked him:
- "Do you know anybody from any terrorist group, Murat?"
- "Do you know who Osama Bin Laden is?"
- "Do you have any idea [the] whereabouts of him?"
- "[Does] your Allah say in your holy book that that's ok to kill innocent people?"
- "Do you know how to fly an airplane Murat?"
- "Is there anybody else involved in any terrorist activity in Paterson that you know?"
- "So tell us Murat how you guys doing this thing, do you guys make good money?"

upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. §§ 1915(e)(2)(B) and 1915A.

In determining the sufficiency of a pro se complaint, the Court must be mindful to construe it liberally in favor of the plaintiff. See Haines v. Kerner, 404 U.S. 519, 520-21 (1972); United States v. Day, 969 F.2d 39, 42 (3d Cir. 1992). The Court must "accept as true all of the allegations in the complaint and all reasonable inferences that can be drawn therefrom, and view them in the light most favorable to the plaintiff." Morse v. Lower Merion School Dist., 132 F.3d 902, 906 (3d Cir. 1997). The Court need not, however, credit a pro se plaintiff's "bald assertions" or "legal conclusions." Id.

A pro se complaint may be dismissed for failure to state a claim only if it appears "'beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'" Haines, 404 U.S. at 521 (quoting Conley v. Gibson, 355 U.S. 41, 45-46 (1957)); Milhouse v. Carlson, 652 F.2d 371, 373 (3d Cir. 1981). However, where a complaint can be remedied by an amendment, a district court may not dismiss the complaint with prejudice. See Alston v. Parker, 363 F.3d 229 (3d Cir. 2004); Grayson v. Mayview State Hospital, 293 F.3d 103, 108 (3d Cir. 2002) (dismissal pursuant to 28 U.S.C. § 1915(e)(2)); Shane v. Fauver, 213 F.3d 113, 116-17 (3d Cir. 2000) (dismissal

4

pursuant to 42 U.S.C. § 1997e(c)(1)); Urrutia v. Harrisburg County Police Dept., 91 F.3d 451, 453 (3d Cir. 1996).

**B.    Section 1983 Actions**

Plaintiff brings this action pursuant to 42 U.S.C. § 1983 alleging violations of his civil rights guaranteed under the United States Constitution.  Section 1983 provides in relevant part:

> Every person who, under color of any statute,
> ordinance, regulation, custom, or usage, of any State
> or Territory ... subjects, or causes to be subjected,
> any citizen of the United States or other person within
> the jurisdiction thereof to the deprivation of any
> rights, privileges, or immunities secured by the
> Constitution and laws, shall be liable to the party
> injured in an action at law, suit in equity, or other
> proper proceeding for redress ... .

Thus, to state a claim for relief under § 1983, a plaintiff must allege, first, the violation of a right secured by the Constitution or laws of the United States and, second, that the alleged deprivation was committed or caused by a person acting under color of state law.  See West v. Atkins, 487 U.S. 42, 48 (1988); Piecknick v. Pennsylvania, 36 F.3d 1250, 1255-56 (3d Cir. 1994).[2]

---

[2]    Plaintiff's request that criminal charges be brought against the defendants is not cognizable under § 1983.  See Leeke v. Timmerman, 454 U.S. 83, 85-87 (1981); Linda R.S. v. Richard D., 410 U.S. 614, 619 (1973).

5

**C.    Plaintiff's Complaint Will Be Dismissed.**

This Court shall construe Plaintiff's complaint liberally. The complaint alleges claims of false arrest and harassment in the course of his (Plaintiff's) arrest. Plaintiff does not state any facts indicating excessive force during the course of arrest, or any other constitutional violation cognizable by this Court.

1.    False Arrest

If Plaintiff is attempting to assert a false arrest claim, his complaint does not allege facts indicating that his constitutional rights have been violated. Plaintiff states that he "got indicted from Secret Services from N[orth] C[arolina] and I turned myself in to Morristown Office . . . on May 3, 2005 at 12:05 p.m. I am under federal custody since." (Complaint, Statement of Claims, p. 3 of 4).

Third Circuit jurisprudence is clear – an arrest without probable cause is a constitutional violation actionable under § 1983. See Walmsley v. Philadelphia, 872 F.2d 546 (3d Cir. 1989)(citing cases); see also Albright v. Oliver, 510 U.S. 266, 274 (1994)(a section 1983 claim for false arrest may be based upon an individual's Fourth Amendment right to be free from unreasonable seizures). To state a claim for false arrest, a plaintiff must allege two elements: (1) that there was an arrest; and (2) that the arrest was made without probable cause. See Dowling v. City of Philadelphia, 855 F.2d 136, 141 (3d Cir.

1988). Thus, a defense to an unlawful arrest claim is that the police officer defendants acted with probable cause. See Sharrar v. Felsing, 128 F.3d 810, 817-18 (3d Cir. 1997)(a key element of a § 1983 unlawful arrest claim is that the police officer arrested the plaintiff without probable cause); Groman v. Twp. of Manalapan, 47 F.3d 628, 636 (3d Cir. 1995)("an arrest based on probable cause could not become the source of a [§ 1983] claim for false imprisonment").

A grand jury indictment is affirmative evidence of probable cause sufficient to defeat claims for malicious prosecution and false arrest under § 1983. See Gatter v. Zappile, 67 F. Supp.2d 515, 519 (E.D. Pa. 1999), aff'd, 225 F.3d 648 (3d Cir. 2000).

In this case, Plaintiff does not allege facts indicating that he was arrested without probable cause. Therefore, this claim must be dismissed, without prejudice.

2. Harassment

Plaintiff claims that the defendant detectives were racially biased and discriminated against him. He appears to base these claims on the questions asked by the detectives during transport. However, generally, mere verbal harassment does not give rise to a constitutional violation. See Prisoners' Legal Ass'n v. Roberson, 822 F. Supp. 185, 189 (D.N.J. 1993)( "[V]erbal harassment does not give rise to a constitutional violation enforceable under § 1983."); McBride v. Deer, 240 F.3d 1287, 1291

n.3 (10th Cir. 2001)(taunts and threats are not an Eighth Amendment violation); Oltarzewski v. Ruggiero, 830 F.2d 136 (9th Cir. 1987) (vulgar language); Rivera v. Goord, 119 F. Supp.2d 327, 342 (S.D.N.Y. 2000)(verbal harassment does not violate inmate's constitutional rights).  Racially discriminatory statements, racial slurs and epithets, without more, also do not establish liability under § 1983.  See Freeman v. Arpaio, 125 F.3d 732, 738 (9th Cir. 1997)(verbal abuse directed at religious and ethnic background does not state a cognizable constitutional violation); Black Spotted Horse v. Else, 767 F.2d 516, 517 (8th Cir. 1985); Shabazz v. Cole, 69 F. Supp.2d 177, 200-01 (D. Mass. 1999) ("without even a suggestion of physical injury, [defendants'] verbal abuse and racial epithets, although continuing for a long period of time, fall short of conscience shocking conduct"); Prisoners' Legal Association, 822 F. Supp. at 187-189 & n.3 (corrections officer's use of racial slurs did not amount to constitutional violation); Wright v. Santoro, 714 F. Supp. 665, 667 (S.D.N.Y.), aff'd, 891 F.2d 278 (2d Cir. 1989).

Because Plaintiff alleges facts indicating mere verbal harassment, he does not state a constitutional violation, and these claims must be dismissed.

## CONCLUSION

For the reasons set forth above, and because this Court can discern no constitutional violations from the facts presented in

the instant complaint, Plaintiff's complaint shall be dismissed, without prejudice, for failure to state a claim upon which relief can be granted.  Additionally, this Court notes that "generally, an order which dismisses a complaint without prejudice is neither final nor appealable because the deficiency may be corrected by the plaintiff without affecting the cause of action."  <u>Martin v. Brown</u>, 63 F.3d 1252, 1257-58 (3d Cir. 1995)(quoting <u>Borelli v. City of Reading</u>, 532 F.2d 950, 951 (3d Cir. 1976)).

In this case, if Plaintiff can correct the deficiencies of his complaint, as set forth in this Opinion, he may file a motion to reopen this case in accordance with the attached Order.

An appropriate Order accompanies this Opinion.

 S/Joseph A. Greenaway, Jr.  
JOSEPH A. GREENAWAY, JR., U.S.D.J.

Dated:  October 10, 2006