<u>**NOT FOR PUBLICATION**</u>

**UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY**

MURAT GOCMEN,             :
                                :   Civil Action No. 06-4275 (JAG)
            Plaintiff,   :
                                :
            v.              :   **OPINION**
                                :
KINNELON POLICE DEPARTMENT, :
et al.,              :
                                :
            Defendants.  :

**APPEARANCES:**

     Murat Gocmen, Plaintiff <u>pro se</u>
     #27167-050
     L.S.C.I. Allenwood
     P.O. Box 1000
     White Deer, PA 17887-1000

**GREENAWAY, JR.**, District Judge

     This matter comes before this Court on Plaintiff's motion to reopen (docket entry 6) and application for the appointment of <u>pro bono</u> counsel in the above-referenced civil rights case (docket entry 7).  For the following reasons, this Court will deny both motions.

**<u>BACKGROUND</u>**

     Plaintiff submitted a civil complaint alleging that he was falsely arrested and harassed by defendant police officers. Plaintiff's original complaint was dismissed, without prejudice. On November 21, 2006, Plaintiff submitted the instant motion for the appointment of counsel, and motion to reopen his case.  The

defendants have not been served with the original complaint or
Plaintiff's motion to reopen.

**DISCUSSION**

**A.    Motion to Reopen**

Plaintiff was granted leave to reopen his case by this
Court's October 11, 2006 Order.  Plaintiff's Notice of Motion to
Reopen asks that the case be reopened on the following grounds:

1.    The defendants violated his rights by using impermissible,
      suggestive, police procedures in showing eyewitnesses photo
      arrays;

2.    The defendants discriminated against him by asking him
      harassing questions about his religion;

3.    The defendants defamed Plaintiff by telling his wife he was
      a "con man," and telling her they had strong evidence
      against him; and

4.    The defendants racially profiled him by changing a witness's
      statement purportedly about Plaintiff from "foreign descent"
      to "middle eastern descent."

(See docket entry 6, Notice of Motion to Reopen).

In his letter brief in support of his motion to reopen
(docket entry 6-3), Plaintiff adds the following causes of
action: Due Process, false arrest, unlawful search and seizure,
malicious prosecution, and willful misconduct.

2

For the reasons set forth in this Court's October 11, 2006 Opinion and Order, Plaintiff's claims concerning harassing and discriminating language do not state a claim upon which relief may be granted.  Thus, the Court will not reopen this case as to these claims.[1]

Plaintiff's claims that the defendants violated his rights by using impermissible, suggestive, police procedures in showing eyewitnesses photo arrays, and that the defendants racially profiled him by changing a witness's statement, purportedly about Plaintiff, from "foreign descent" to "middle eastern descent" are not cognizable in this § 1983 action.  These claims concern the core of Plaintiff's underlying conviction, not his conditions of confinement, and should be raised in a habeas petition, after exhaustion of state court remedies.  See Preiser v. Rodriguez, 411 U.S. 475 (1973); Heck v. Humphrey, 512 U.S. 477 (1994).

Plaintiff's claims concerning defamation and statements made by officers to his wife are not cognizable federal claims.

After a thorough review of the documents submitted by Plaintiff, this Court finds that there are no cognizable federal claims that state a claim for relief either under § 1983, or Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388, 389 (1971)(the counterpart to § 1983

---

[1]  See Opinion, docket entry 2, pp. 7-8, detailing that verbal harassment does not amount to a constitutional violation.

3

concerning acts by federal officers).  Plaintiff appears to be challenging the investigation that led to his arrest and events that occurred before the grand jury.  However, the documents submitted are unclear and confusing.  Plaintiff makes conclusory allegations, which do not allege facts indicating a constitutional violation.

Thus, this Court finds no reason to reopen the case, based on the papers submitted by Plaintiff.

**B.    Motion for Counsel**

Plaintiff asks for counsel because he does not have adequate access to the law library, lacks knowledge of the law, and is indigent.

Appointment of counsel under 28 U.S.C. § 1915(e)(1) may be made at any point in the litigation and may be made by the Court *sua sponte*.  See Tabron v. Grace, 6 F.3d 147, 156 (3d Cir. 1993), cert. denied, 510 U.S. 1196 (1994).  The plaintiff has no right to counsel in a civil case.  See id. at 153-54; Parham v. Johnson, 126 F.3d 454, 456-57 (3d Cir. 1997).

In evaluating a motion to appoint counsel, the court must first examine the merits of Plaintiff's claim to determine if it has "some arguable merit in fact and law."  See Tunnell v. Gardell, 2003 WL 1463394 at * 1 (D. Del. Mar. 14, 2003)(Slip Copy)(citing Parham, 126 F.3d at 457)(other citations omitted).

4

In this case, Plaintiff's case does not appear to have merit, and therefore, his request for counsel will be denied.

## **CONCLUSION**

For the foregoing reasons, Plaintiff's motions will be denied.  An appropriate Order accompanies this Opinion.


<u>S/Joseph A. Greenaway, Jr.</u>
JOSEPH A. GREENAWAY, JR., U.S.D.J.

Dated:  June 12, 2007